### No. 17.—JAMES W. B. MELSON *v.* WILLIAM SANDEL.

*Where the certificate of the clerk of the District Court to a transcript of appeal makes no mention of any testimony having been adduced and there are no bills of exceptions or assignment of errors in the record the appeal will be dismissed on motion.*

APPEAL from the District Court, parish of Morehouse. *Crawford, J. John Ray*, for plaintiff and appellant, *Todd & Brigham*, for defendant and appellee.

HOWE, J. This is an appeal by defendant from a judgment by default. The citation was served February 13, 1865, a default was entered June 6, 1866, and was made final more than three days after, and the judgment was read and signed in open court on the sixteenth June, 1866. On the eighteenth June the defendant filed a motion for a new trial based upon his affidavit that the fact of having been cited had escaped his attention; that he supposed the citation to be null and void for the reason that the clerk and sheriff were, at its date, professing allegiance to the so called Confederate government, and that he had a defense on the merits which is set forth in detail.

The appellee has moved to dismiss the appeal on the grounds—

*First*—There was no testimony taken down.by the clerk on the trial of this case, he not having been requested to do so by either party. C. P. 601.

*Second*—Neither the appellant nor his advocate, either before or after the appeal was taken, required the adverse party or his advocate to draw up jointly with him a statement of facts, and no such statement of facts was drawn up. C. P. 602.

*Third*—No statement of facts at the request of either party was made out by the court in this case. C. P. 603, 896.

The certificate of the clerk states that the record before us contains a full, true, complete and correct transcript of all the proceedings had, and all documents filed in the cause, but makes no mention of testimony adduced. There is neither assignment of errors nor bill of exceptions to be found in the record. C. P. 897.

The appeal must be dismissed, since the record does not enable us to examine the case upon its merits. The reason of this rule is well illustrated in this particular instance, as this is a case where the appellant makes an earnest appeal to the equitable discretion of this court to grant a new trial upon his statement of the merits of the case, but does not furnish us with any data to determine what showing the plaintiff made in the court below. 10 La. 38.

It is therefore ordered that the appeal herein be dismissed with costs.